UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
EUGENE SCALIA, Secretary of              *
Labor, United States Department of Labor,¹ *
                                         *
                    Plaintiff,           *
                                         *   CIVIL ACTION NO.
        v.                               *
                                         *   4:19-cv-40149-TSH
SVR GROUP LLC, SVR GROUP FOODS, INC.,    *
and VR & VR GROUP INC. (collectively, d/b/a *
"Mayuri Indian Cuisine"), RAMANAIAH      *
VAVILLA and SAILAJA SETTY,               *
                                         *
                    Defendants.          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

CONSENT JUDGMENT AND ORDER

The Secretary of Labor, United States Department of Labor (the "Secretary" or

"Plaintiff"), has filed a First Amended Complaint (ECF No. 29) in this case under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA"). Defendants SVR

Group LLC, SVR Group Foods, Inc., VR & VR Group Inc., Ramanaiah, and Sailaja Setty have

received a copy of that First Amended Complaint.

The Court concludes that it has jurisdiction to enter this Consent Judgment and Order (the

"Consent Judgment"), and Plaintiff and Defendants agree to its terms.

It is, therefore, ORDERED, ADJUDGED, and DECREED that Defendants, their agents,

servants, employees, and all persons acting or claiming to act on their behalf and interest be, and

---

¹ Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor
Milton Al Stewart is automatically substituted as the proper Plaintiff in this case. For ease of
reference, the Acting Secretary and his pertinent predecessors will be referred to herein as the
"Secretary."

hereby are, permanently enjoined and restrained from violating the provisions of the FLSA in any of the following manners:

1.      Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who, in any workweek, is employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, wages at less than the applicable minimum wage.

2.      Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employees receive compensation for their employment in excess of forty hours at rates not less than one and one-half times the employees' regular rates of pay.

3.      Defendants shall accurately account for any meal or housing credit taken under Section 3(m) of the FLSA, 29 U.S.C. § 203(m), in calculating their employees' regular rates of pay.

4.      Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the applicable regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

5.      Defendants shall record all hours worked by their employees and shall accurately

record the start time and end time of all meal breaks taken by each of their employees.

6. Defendants shall not, contrary to Section 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B), keep tips received by their employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not Defendants take a tip credit.

7. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, has testified or is about to testify in any such proceeding, or has otherwise engaged in protected activity under the FLSA. Defendants shall not instruct any individual not to speak to or to provide false information to the Department of Labor, or otherwise improperly influence any individual with respect to his or her participation in any investigation or legal proceeding brought by the Department of Labor.

Further, the Court, having hereby approved of the parties' agreed upon resolution of this matter, which provides compensation in the amount of $235,000.00 (inclusive of gross overtime back wages and liquidated damages, as shown on the attached Exhibit A1), plus interest, (as shown on the attached Exhibit B1), it is ORDERED, ADJUDGED, and DECREED that Defendants are restrained from withholding payment of said overtime compensation, and are ordered, jointly and severally, to pay said back wages and liquidated damages in accordance with the terms set forth herein. Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since August 14, 2018. In agreeing to resolve the amount of back wages and liquidated damages in this case, Plaintiff has relied on this representation and, accordingly, the back wage and liquidated damages

3

provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since August 14, 2018.

The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to Plaintiff payments totaling $117,500.00 in gross back wages plus interest in accordance with the payment schedule set forth in Exhibit B1, from which Defendants shall make deductions for Defendants' employees' share of social security and federal withholding taxes and state withholding taxes, and separate payments totaling $117,500.00 in liquidated damages plus interest in accordance with the payment schedule set forth in Exhibit B1, from which Defendants may make any tax-related deductions required by law. Any federal, state, or local tax obligations arising out of the separate payment of $117,500.00 in liquidated damages shall be governed by applicable law. Defendants shall further pay the employers' share of FICA to the appropriate authorities according to law for the back wages paid pursuant to this Consent Judgment. Defendants shall, for each payment required by this Consent Judgment, transmit to the Secretary one net check or electronic payment, in the manner specified below, for all amounts due employees for that particular payment after legal deductions are made. Within 14 days of each of the payments required by this Consent Judgment, Defendants shall provide the Secretary with a report that lists the employees' names, addresses, the gross amounts of back wages owed to each employee on the pertinent payment date, the net amounts of back wages provided to the Secretary for each employee after legal deductions for that payment date, the amount of liquidated damages owed to each employee for that particular payment, and the amount of liquidated damages paid to each employee for that payment date.

To comply with the payment provisions set forth above related to back wages and

liquidated damages, Defendants may pay online by ACH transfer, credit card, debit card, or

digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to

http://www.pay.gov and searching for WHDBWNE. Defendants also have the option to provide

to the Secretary payment in the form of certified checks, bank checks, or money orders made

payable to "Wage and Hour Division—Labor," and those checks or money orders shall be

mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> 1835 Market Street
> Mailstop WHD/19
> Philadelphia, PA 19103-2968
> Attention: William Schweizer

Checks or money orders shall have Case Nos. 1827042, 1829314, and 1836478 written on the

face of the checks or money orders. These payments will be due in accordance with the payment

schedule set forth in Exhibit B1. The first payment in the amount of $70,000.00 shall be due on

or before March 31, 2021. Plaintiff shall distribute all back wages and liquidated damages to the

employees listed in Exhibits A1 and B1.

If Defendants pay any of the amounts in this Consent Judgment by check or money order,

a copy of said checks or money orders shall be mailed to the following address: U.S. Department

of Labor, Wage and Hour Division, JFK Federal Building, 15 New Sudbury Street, Room 525,

Boston, Massachusetts 02203, Attention: Assistant District Director, or emailed to

mondrond.nuno@dol.gov.

No later than ten days after the Court's entry of this Consent Judgment, Defendants shall

deliver to the United States Department of Labor at the Wage and Hour Division's Boston,

Massachusetts address set forth above, or via email at the email address set forth above, a

statement showing the following: employers' Federal ID number(s), the name of each employee

listed in Exhibit A1, and each employee's current address and social security number (only to the extent currently known by Defendants).

In the event Defendants fail to make any payment within fifteen (15) of any due date set forth on the payment plan in Exhibit B1, and are not otherwise up-to-date on the total owed under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Judgment and pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. In the event a writ of execution is entered by the Court, the Department of Labor may engage in discovery in aid of execution as permitted by the Federal Rules of Civil Procedure. However, Plaintiff may not take any steps to enforce this Consent Judgment absent a default by Defendants under the terms of this Consent Judgment.

When recovered wages and/or liquidated damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, Plaintiff shall deposit the wages and/or liquidated damages into the United States Treasury as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

The $235,000.00 of back wages and liquidated damages agreed by the parties in this Consent Judgment constitutes full and final resolution of all claims which the Secretary asserted in the First Amended Complaint in this matter.

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee pursuant to this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department

of Labor at the Philadelphia, Pennsylvania address set forth above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this case in any future investigation, enforcement action, or legal action.

SO ORDERED, this_____day of_____, 2021.

_____
Hon. Timothy S. Hillman
United States District Judge
District of Massachusetts


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOR DEFENDANTS SVR GROUP, LLC, SVR GROUP FOODS, INC., and VR & VR GROUP, INC.:**

_____/s/_____
Gerard J. Levins, Esquire
Christopher Rajotte, Esquire
Levins Tax Law, LLC
1671 Worcester Road, Suite 304
Framingham, MA 01701
TEL: 401-537-2005
FAX: 401-421-7806
gerard@levinstaxlaw.com
crajotte@levinstaxlaw.com

_____
**RAMANAIAH VAVILLA**

_____
**SAILAJA SETTY**

**FOR PLAINTIFF**:

Elena S. Goldstein
Deputy Solicitor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

_____/s/_____
James Glickman
Senior Trial Attorney
Glickman.james@dol.gov
MA BBO No. 555770

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Dated: _____March 8_, 2021